IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CLARA GAYNOR-MADISON, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) CIV. A. NO. 23-420-WS-MU ) |
| SANOFI US SERVICES, INC., *et al.*, | ) ) |
| Defendants. | ) |

## **ORDER**

This action is before the court on Defendants' Motion to Stay Deadlines (Doc. 23) filed by Defendants Sanofi-Aventis U.S. LLC and Sanofi US Services, Inc. (together "Defendants"). No response in opposition was filed by Plaintiff. This motion has been referred to the undersigned Magistrate Judge for pretrial disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and General Local Rule 72(a)(2)(S). For the reasons discussed below, the Defendants' Motion to Stay Deadlines is **GRANTED** and forthcoming deadlines in this case are **STAYED** pending a ruling on the Defendants' Motion for Judgment on the Pleadings.

## **Background**

Until recently, Plaintiff's case was one of more than 10,000 cases pending in coordinated litigation in Louisiana, in which each plaintiff alleged she developed permanent hair loss after being administered Taxotere, a chemotherapy drug. Plaintiff filed her original Complaint in March 2017, and she has generally alleged in filings that her injury was caused by Taxotere treatments she received in 2009 and 2010. On December 20, 2023, pursuant to Federal Rule of Civil Procedure 12(c), Defendants

moved for judgment on the pleadings alleging all of Plaintiff's claims are facially time-barred by Alabama's two-year statute of limitations and further alleging Plaintiff's fraud claims are due to be dismissed as insufficiently pled under Rule 9(c). (Docs. 18 and 19).

## **Legal Analysis**

The analysis in this District for deciding whether a stay of discovery is warranted was succinctly summarized in *Nelson v. Nationstar Mortgage LLC*, No. CV 19-1005-WSB, 2020 WL 5440363, at *1–2 (S.D. Ala. July 31, 2020):

> Courts are accorded great discretion in regulating discovery. *Patterson v. U.S. Postal Serv.*, 901 F.2d 927, 929 (11th Cir. 1990). In exercising this discretion, Federal Rule of Civil Procedure 26(c) permits a court to stay discovery if the movant demonstrates good cause and reasonableness. *McCabe v. Foley*, 233 F.R.D. 683, 685 (M.D. Fla. 2006). However, motions to stay discovery are not favored because delays in discovery "can create case management problems which impede the Court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems." *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997).
>
> *A stay of discovery may be warranted when a pending dispositive motion will dispose of the entire case and thereby eliminate the need for discovery*. *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1368 (11th Cir. 1997). Dispositive motions presenting pure legal questions may appropriately be resolved before discovery begins, but motions that turn on findings of fact "may require some limited discovery before a meaningful ruling can be made." *Id.* at 1367.

(Emphasis added). In addition, the Eleventh Circuit has held:

> Facial challenges to the legal sufficiency of a claim or defense… should, however, be resolved before discovery begins. Such a dispute always presents a purely legal question; there are no issues of fact because the allegations contained in the pleading are presumed to be true. *See Mitchell v. Duval County Sch. Bd.,* 107 F.3d 837, 838 n. 1 (11th Cir.1997) (per curiam). Therefore, neither the parties nor the court have any need for discovery before the court rules on the motion.

*Chudasama v. Mazda Motor Corp.,* 123 F.3d 1353, 1367 (11th Cir. 1997).

While the Court notes that motions to stay discovery are generally not favored, good cause exists here for a temporary stay in discovery pending a resolution of the

Motion for Judgement on the Pleadings. A preliminary review of the motion reveals that it could fully dispose of all claims against the Defendants.  Further, the motion raises legal, threshold questions of whether, taking the allegations in the Complaint as true, Plaintiff has stated a claim against the Defendants.  As a result, it is reasonable to await a determination of whether Plaintiff has a claim before requiring the Defendants to engage in what may be needless discovery.

Accordingly, Defendants' Motion to Stay (Doc. 23) is **GRANTED**, and any forthcoming deadlines in this case are **STAYED** pending a ruling on the Defendants' Motion for Judgment on the Pleadings.

**DONE** this the **2nd** day of **February, 2024**.

                                          s/P. Bradley Murray
                                          **UNITED STATES MAGISTRATE JUDGE**