IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CLARA GAYNOR-MADISON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CIVIL ACTION 23-0420-WS-MU ) |
| SANOFI US SERVICES, INC., et al., | ) ) ) |
| Defendants. | ) |

ORDER

This matter is before the Court on the defendants' motion for judgment on the pleadings. (Doc. 18). The parties have filed briefs in support of their respective positions, (Docs. 19, 27, 28), and the motion is ripe for resolution. After careful consideration, the Court concludes the motion is due to be granted.

BACKGROUND

The plaintiff is one of over ten thousand that have sued the defendants and/or related entities regarding the product Taxotere. In March 2017, the plaintiff filed her original complaint in the Eastern District of Louisiana, as part of ongoing MDL litigation. (Doc. 1). The MDL Court transferred the action to this District in November 2023. (Doc. 10). The instant motion followed.

The defendants argue that: the plaintiff's claims all are governed by Alabama's two-year statute of limitations; that this limitations period began to run no later than 2011 and expired no later than 2013; and that the operative pleading alleges no circumstances that could avoid operation of the limitations period. The defendants argue in addition that the fraud claims are barred by failure to comply with Rule 9(b).

## DISCUSSION

"After the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). The parties do not suggest that the motion is either premature or tardy.[1]

"A motion for judgment on the pleadings is governed by the same standard as a motion to dismiss under Rule 12(b)(6)." *Samara v. Taylor*, 38 F.4th 141, 152 (11th Cir. 2022) (internal quotes omitted). "Judgment on the pleadings is proper when no issues of material fact exist, and the moving party is entitled to judgment as a matter of law based on the substance of the pleadings and any judicially noticed facts." *Cunningham v. District Attorney's Office*, 592 F.3d 1237, 1255 (11th Cir. 2010) (internal quotes omitted). "We accept all the facts in the complaint as true and view them in the light most favorable to the nonmoving party." *Id*. The Court "need not accept as true, however, conclusory legal allegations made in the complaint." *Andrx Pharmaceuticals, Inc. v. Elan Corp.*, 421 F.3d 1227, 1230 n.1 (11th Cir. 2005). "In order to survive a motion to dismiss, … claims of fraud … must satisfy the requirements of Fed.R.Civ.P. 9(b)." *Ziemba v. Cascade International, Inc.*, 256 F.3d 1194, 1202 (11th Cir. 2001).

Every claim asserted by the plaintiff sounds in fraud and is subject to Alabama's two-year statute of limitations. The plaintiff concedes the point. (Doc. 27 at 1).

The plaintiff's amended short form complaint ("SFC"), filed on May 31, 2017, expressly incorporates the original master long form complaint ("LFC"). (Doc. 7 at 1). Subsequently, the LFC was amended on two occasions; the plaintiff's SFC was not amended to reference the amended versions of the LFC.[2]

---

[1] As for premature, the pleadings are closed for purposes of Rule 12(c) once an answer to the complaint (or an answer to any counterclaim) is filed. *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1339 n.10 (11th Cir. 2014). As for tardy, no trial date that could be delayed has yet been established.

[2] Because the relevant language is the same in all three iterations of the LFC, it is unnecessary to address which version technically applies to the plaintiff's amended SFC.

The injury alleged by the plaintiff is "failure to regrow hair." (Doc. 27 at 1). All three iterations of the LFC describe the condition as permanent alopecia and define it as no or incomplete hair regrowth six months beyond the end of chemotherapy. (Doc. 9-4 at 38-39, 169, 378). The amended SFC alleges that the plaintiff's chemotherapy ended no later than December 31, 2010, (Doc. 7 at 4), and it therefore alleges that the plaintiff's permanent alopecia existed no later than June 30, 2011. The two-year statute of limitations thus expired on or about June 30, 2013. The plaintiff's original complaint was filed in March 2017, (Doc. 1), almost four years after that date. The plaintiff properly "concedes that under the stringent unified cause of action standard applicable to personal injury actions under Alabama law, [she] sustained her injury (failure to regrow hair) outside of the two-year limitations period." (Doc. 27 at 1).

Because it is an affirmative defense, a plaintiff generally need not plead around the statute of limitations to avoid dismissal. *E.g., Wainberg v. Mellichamp*, 93 F.4th 1221, 1225 (11th Cir. 2024). However, "[a] Rule 12(b)(6) dismissal on statute of limitations grounds is appropriate if it is apparent from the face of the complaint that the claim is time-barred." *Gonsalvez v. Celebrity Cruises Inc.*, 750 F.3d 1195, 1197 (11th Cir. 2013) (internal quotes omitted). That standard is met here. It was therefore incumbent upon the plaintiff to include in her complaint allegations which, if proved, would "show why the statute of limitations would not apply," and a "failure to do so warrant[s] dismissal." *Garcia v. Chiquita Brands International, Inc.*, 48 F.4th 1202, 1220 (11th Cir. 2022).

The amended SFC contains no allegations showing why the statute of limitations does not bar the plaintiff's claim, and the plaintiff does not argue that the LFC contains such allegations. Instead, the plaintiff argues that discovery since the second amended LFC reveals additional information suggesting fraudulent concealment of the defendants' misconduct, such that the instant motion "is based upon a stale record." (Doc. 27 at 2). The plaintiff asserts that she "is now contemporaneously seeking to amend her complaint to incorporate factual material highly relevant" to the instant motion. (*Id.*; *id.* at 4-5 (describing this material)).

The plaintiff, however, has neither filed a motion for leave to amend the complaint nor submitted for inspection a proposed second amended SFC.[3] Therefore, the only pleadings the Court may consider are the amended SFC and one of the three iterations of the LFC. Because these pleadings contain nothing that could show why the applicable two-year limitations period does not bar her claims, and because the plaintiff makes no argument to the contrary, the defendants' motion for judgment on the pleadings is due to be granted.

As noted, all of the plaintiff's claims sound in fraud. The defendants argue that her claims do not satisfy Rule 9(b), and the Court agrees for reasons echoing those offered by the Court in *Maxwell v. Sanofi-Aventis U.S. LLC*, 2023 WL 7115575 at *2 (N.D. Ala. 2023). The plaintiff does not deny the inadequacy of her fraud claims as pleaded but instead points to unidentified allegations in her (unpresented) proposed amended SFC. (Doc. 27 at 6). Because the pleadings as they exist fail to satisfy Rule 9(b), the instant motion is due to be granted for failure to plead fraud with particularity.

The defendants seek dismissal with prejudice. (Doc. 18 at 2; Doc. 19 at 19). The plaintiff does not respond to this aspect of the motion. As noted, the plaintiff has neither filed a motion for leave to amend nor submitted a proposed amended pleading. "To properly request leave to amend, a plaintiff must satisfy two requirements: (1) file a motion for leave to amend and (2) either set forth the substance of the proposed amendment or attach a copy of the proposed amendment." *Advance Trust & Life Escrow Services, LTA v. Protective Life Insurance Co.*, ___ F.4th ___, 2024 WL 878017 at *16 (11th Cir. 2024) (internal quotes omitted). The plaintiff has not set forth the substance of her hypothesized amendment, contenting herself with broad generalities regarding the defendants' conduct with only a single specifically described incident. (Doc. 27 at 4-5). Even could the plaintiff be credited with satisfying the second *Advance Trust*

---

[3] The mismatch between the paragraph numbers cited by the plaintiff for various assertions and the allegations of the proposed third amended LFC, (Doc. 9-4 at 422-90), makes it clear that the plaintiff is not relying on that document. She could not easily do so, since the MDL Court expressly denied the plaintiffs' motion for leave to file the third amended LFC. (*Id.* at 412, 1425-29).

4

requirement, she unquestionably has not satisfied the first. As the *Advance Trust* panel held, an "embedded … request in [an] opposition brief" does not satisfy the "motion for leave to amend" requirement. 2024 WL 878017 at *18. There is thus no request for relief properly before the Court. "A district court is not required to grant a plaintiff leave to amend his complaint sua sponte when the plaintiff, who is represented by counsel, never filed a motion to amend nor requested leave to amend before the district court." *Wagner v. Daewoo Heavy Industries America Corp.*, 314 F.3d 541, 542 (11th Cir. 2002) (en banc). The plaintiff has not properly sought leave to amend her pleading, and the Court declines to grant such leave *sua sponte*.[4]

The plaintiff purports to rely on an order of the MDL Court in support of amendment. (Doc. 27 at 2). Pretrial Order 105 permitted individual plaintiffs to "amend their complaints to add factual allegations regarding particularized facts individual and specific to each Plaintiff's medical care and treatment and/or that Plaintiff's communications with medical professionals." (Doc. 9-2 at 167). The plaintiff, however, seeks no such amendment. Instead, and as noted previously, she seeks only to allege misconduct by the defendants. (Doc. 27 at 2-3). Pretrial Order 105 does not permit such an amendment.[5] Even if it did, the order by its terms required amendment within 180 days of its entry in May 2020. (Doc. 9-2 at 168). Although that deadline was later extended slightly, (*id*. at 169), the extended deadline had passed by early 2021. (*Id*. at 175). In short, Pretrial Order 105 does not excuse the plaintiff's failure to file a properly supported motion for leave to amend.

---

[4] Without suggesting that this fact is dispositive, the Court notes that the defendants in their reply brief pointed out the plaintiff's failure to comply with Eleventh Circuit precedent regarding the requirements for requesting leave to amend. (Doc. 28 at 3 & n.3). In the two months since the plaintiff was made aware of her deficiency, she has made no effort to correct it.

[5] It could hardly have done so, since the MDL Court had previously denied leave to file a third amended LFC that would have: (1) eliminated the allegation that permanent alopecia manifests within six months of the final treatment; and (2) injected allegations of fraudulent concealment, precisely because the plaintiffs "made an informed decision to define their injury the way they originally did" and because the proposed eleventh-hour amendment "would cause serious prejudice to" the defendants. (Doc. 9-4 at 1425-29).

It appears that what the plaintiff actually relies on is not PTO 105 itself but a stipulation of the parties entered in connection with that order. (Doc. 27 at 2). The stipulation provides that the plaintiffs will not seek leave to amend their SFC's to add allegations inconsistent with PTO 105 and that the defendants will not, on any motion to dismiss based on limitations grounds, argue waiver based on the plaintiffs' refraining from doing so. (Doc. 9-2 at 169). Whatever that stipulation may accomplish regarding a defendant's resistance to a motion for leave to amend, it does not excuse the plaintiff's failure to file such a motion.

## CONCLUSION

For the reasons set forth above, the defendants' motion for judgment on the pleadings is **granted**. This action is **dismissed with prejudice**. Judgment shall be entered accordingly by separate order.

DONE and ORDERED this 25th day of March, 2024.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE